IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :

v.                               :     CRIMINAL NO. 09-496

JOSEPH LIGAMBI, et al.           :

THE UNITED STATES' BRIEF
FOR THE AUGUST 9, 2012
<u>MOTIONS HEARING</u>

The United States of America respectfully submits this memorandum in connection with hearing on motions scheduled by the Court for August 9, 2012.

Currently pending before the Court are approximately 19 pretrial motions filed by the parties, which address a number of different issues. Set forth below is the government's summary of the issues framed by the motions and responses filed by the government and the defense.

A. <u>Admission of the Government's Racketeering Evidence</u>

The government has filed a motion in limine to admit racketeering evidence to prove essential elements of the racketeering conspiracy charged in Count One. (ECF Nos. 648 & 649). The following defendants have filed responses to the government's motion: JOSEPH LIGAMBI (ECF No. 689); GEORGE BORGESI (ECF No. 684); ANTHONY STAINO (ECF No. 694); and JOSEPH LICATA (ECF No. 690).[1] In addition, DAMION CANALICHIO (ECF No. 747) has joined in LIGAMBI's response.

---

[1] GAETON LUCIBELLO also filed a response to the government's motion in limine, but LUCIBELLO pled guilty to all charges against him in the Third Superseding Indictment on August 2, 2012. Accordingly, LUCIBELLO's motions and responses are now moot.

In related filings, LIGAMBI (ECF No. 561) and STAINO (ECF No. 742) have filed motions to strike from the indictment, and exclude from evidence, all references to the history, structure, and purpose of the Philadelphia LCN Family. The government has filed responses to the LIGAMBI motion (ECF No. 577) and the STAINO motion (ECF No. 755).[2]

In summary, the government seeks to admit evidence relating to the Philadelphia La Cosa Nostra ("LCN") Family to prove essential elements of the racketeering conspiracy charged in Count One of the Superseding Indictment, namely, the existence of the charged racketeering enterprise, the defendants' knowing and intentional agreement to associate with and participate in the criminal affairs of the enterprise, and the continuity and relatedness of the pattern of racketeering activity. The government's racketeering evidence, which will include uncharged misconduct, will consist of the following:

(A) The testimony of cooperating witnesses, victims and expert witnesses, regarding the continuous existence, history, structure, leadership, membership, rules, methods of operation, and activities of the Philadelphia LCN Family, and the relationship of the defendants to these earlier LCN activities;

(B) Tape recordings of communications of defendants, unindicted LCN members, and associates, victims, and others, during which the participants discuss the history, structure, leadership, membership, rules, methods of operation, internal disputes, the recruitment

---

[2] Several defendants have filed motions in limine to exclude the government's proposed Rule 404(b) evidence. See BORGESI (ECF NO. 643); LICATA (ECF No. 690); LIGAMBI (ECF No. 713); STAINO (ECF No. 715); Governments' Responses (ECF Nos. 681, 738). These motions relate to the same evidence addressed in the government's motion in limine to admit racketeering evidence.

of new members to continue the enterprise, and criminal activities of the Philadelphia LCN Family and other LCN crime families;

   (C) The testimony of cooperating witnesses and victims regarding the violent reputation of the Philadelphia LCN Family, including testimony regarding prior acts of violence, threats, and other forms of intimidation, committed by members and associates of the Philadelphia LCN Family;

   (D) The testimony of cooperating witnesses regarding criminal activities they committed on behalf of the Philadelphia LCN Family.

   The Third Circuit has recognized that the type of evidence which the government's seeks to introduce is admissible as intrinsic proof of racketeering offenses. See United States v. Eufrasio, 935 F.3d 553 (3d Cir. 1991); United States v. Ali, 493 F.3d 387 (3d Cir. 2007); see also United States v. Gibbs, 190 F.3d 188 (3d Cir. 1999); United States v. Green, 617 F.3d 233 (3d Cir. 2010). Alternatively, the government's proposed racketeering evidence is admissible under Rule 404(b) of the Federal Rules of Evidence, as proper and relevant proof of material issues relating to proof of racketeering offenses, other than the defendants' character. See Green, 617 F.3d at 249-252; United States v. DiSalvo, 34 F.3d 1204, 1213-1214; 1220-1221; United States v. Traitz, 871 F.2d 368, 389-90 (3d Cir. 1989); United States v. Scarfo, 850 F.2d 1015, 1021 (3d Cir. 1988).

   The defendants object that government has failed to provide sufficient notice of the specific evidence it intends to introduce. Furthermore, the defendants object that the government's proposed evidence is improper propensity evidence, offered solely to prove the defendants are likely to have committed the racketeering offenses charged in this case because of

their bad characters.  Finally, the defendants contend that the government's proposed racketeering evidence is unfairly prejudicial under Rule 403 of the Federal Rules of Evidence.

Contrary to the defendants' assertion, the government does not intend to introduce evidence of every criminal act, including numerous murders, committed by former members of the Philadelphia LCN over the past 40 years.  Rather, the government will introduce evidence, primarily through the testimony of cooperating witnesses and recordings of the defendants' own statements, which will establish the existence, structure, continuity, methods of operations, rules and procedures, and membership of the racketeering enterprise charged in the Third Superseding Indictment.  This evidence will also demonstrate how the defendants in this case were able to exploit the violent reputation of the Philadelphia LCN Family to advance the illegal objectives of the racketeering conspiracy.  In short, the government's racketeering evidence will be direct proof of the averments of the indictment in this case.

As to the defendant's complaint that the government has failed to provide sufficient notice of the racketeering evidence it intends to introduce, the government's motion provides the defendants with ample guidance as to which of the discovery materials produced in this case the government may use at trial.  Nevertheless, to assist the Court in resolving the pending motions, the government is submitting a hearing exhibit which contains  summaries of the significant portions of the government's proposed racketeering evidence, including: the testimony of cooperating witness Peter Caprio, the testimony of cooperating witness Gene Milano, and recordings of the defendants and other LCN members made by a cooperating witness (Hearing Exhibit 1).  In addition, the government is submitting draft transcripts of segments of the recordings which the government may introduce at trial (Hearing Exhibit 2).

B.  Admission of Consensual Recordings Obtained by Nicholas Stefanelli

LIGAMBI has filed a motion to exclude the consensual recordings made by cooperating witness Nicholas Stefanelli (ECF No. 560).  STAINO (ECF No. 561) and LICATA (ECF No. 691) have joined LIGAMBI motion.  LOUIS FAZZINI has filed motions to suppress (ECF No. 686) and to exclude (ECF No. 688) the recordings.

The government has filed responses to the LIGAMBI motion (ECF No. 577), and the FAZZINI motions (ECF Nos. 731 & 732).

LIGAMBI objects to the admission of the Stefanelli recordings on the ground that, because Stefanelli is deceased and cannot be cross-examined, admission of the recordings would violate his Sixth Amendment confrontation rights.  See United States v. Crawford, 541 U.S. 36 (2004).  LIGAMBI's assertion is incorrect.  The Third Circuit has held that recordings of co-conspirator statements obtained by government monitoring are not testimonial statements within the meaning of Crawford.  See United States v. Hendricks, 395 F.3d 173 (3d Cir. 2005).

LIGAMBI and FAZZINI also object to the admission of the Stefanelli recordings on the ground that the government cannot authenticate the recordings under Federal Rule of Evidence 901(a) and United States v. Starks, 515 F.2d 112 (3d Cir. 1975), without the testimony of the cooperating witness.   Again, the defendants' objection is not well founded.

Contrary to the defendants's contention, neither Rule 901(a) nor Starks mandate that the testimony of the individual who made the recording is the only, or the required method of proof for authenticating the recording.  See United States v. Barone, 913 F.2d 46, 49 (2d Cir. 1990) ("the government is not required to call as a witness a participant in a recorded conversation in order to authenticate the recording....").  So too, Fed. R. Evid. 104 provides that

in ruling on the admissibility of evidence, the Court is not bound by the evidence rules, except for those on privilege. Lay opinion on the issue of voice identification is permissible, see Fed. R. Evid. 901(a)(5), and voice identification of recorded conversations can be made by any one who has heard the voices of the speakers on the recordings and is familiar with the voices. See Government of Virgin Islands v. Martinez, 487 F.2d 125, 128-29 (3d Cir. 1988) (investigative agent who heard defendant speak during arrest properly identified defendant's voice on recording). Voice identification can also be established by self-identification of the speakers, circumstantial evidence, or both. See United States v. Alper, 449 F.2d 1223, 1229 (3d Cir. 1971) (voice identification of telephone conversation can be established by circumstantial evidence surrounding call); United States v. Vega, 860 F.2d 79, 791-92 (7th Cir. 1988) (speaker on recorded conversation identified herself).

Here, the government will establish the foundational requirements for the admission of the consensual recordings through the testimony of law enforcement agents with knowledge of the facts and circumstances surrounding the creation of the recordings, which will satisfy the requirements of Rule 901(a). See Barone, 913 F.2d at 49 (government can authenticate consensual recording through testimony of technician who made recording).

C. Anonymous Jury and Other Security Measures

The government has filed a motion requesting that the Court empanel an anonymous jury (ECF No. 599). The government also requests that the jury be sequestered during lunch and recesses, and that the United States Marshals Service transport the jurors to and from the courthouse on trial days from a secure, undisclosed location. LIGAMBI has filed a response, agreeing with the use of an anonymous jury but objecting to the other security

procedures proposed by the government (ECF No. 667). STAINO (ECF No. 707) and LICATA (ECF No. 675) have joined LIGAMBI's response.

The Third Circuit has consistently upheld the trial courts' discretion to empanel an anonymous jury to address concerns with juror safety, courtroom security, and protecting the trial process from outside influences such as extensive media coverage. See United States v. Scarfo, 850 F.2d 1015, 1023-24 (3d Cir. 1988); United States v. Thornton, 1 F.3d 149, 154 (3d Cir. 1993); United States v. Eufrasio, 935 F.2d 553, 574 (3d Cir. 1991); see also United States v. Stewart, 325, F. Supp. 2d 474, 498-99 (D. Del. 2004), aff'd, 179 Fed. Appx. 814 (3d Cir. 2006). The trial courts in this district have frequently used anonymous juries in racketeering cases against the Philadelphia LCN Family. See United States v. Joseph Merlino, et al., Crim. No. 99-363 (Hutton, J.); United States v. John Stanfa, et al., Crim. No. 94-127 (Buckwalter, J.); United States v. Nicodemo Scarfo, et al., Crim. No. 88-3 (Van Antwerpen, J.); and United States v. Nicodemo Scarfo, Crim. No. 86-453 (Fullam, J.).

Although the defendants do not oppose an anonymous jury, LIGAMBI opposes the use of heightened security procedures on the ground that the government has failed to establish that juror protection is required here, because the indictment does not include allegations of violent crimes by the defendants in this case. As the government has noted elsewhere, the defense mantra that the indictment does not include crimes of violence is incorrect: extortion and extortionate credit transactions are crimes of violence. Moreover, the suggestion that the government must first establish a threat of violence directed against jurors to justify security measures is misguided. As the Second Circuit noted in Thomas, a case relied upon by LIGAMBI in his response, protective security measures for the jury are appropriate

7

when there is "strong reason to believe the jury needs protection."  United States v. Thomas, 757 F.2d 1359, 1365 (2d Cir. 1985).  By agreeing that an anonymous jury is appropriate here, the defense recognize there is a sound basis for juror protection.  The Third Circuit has recognized the violent history and reputation of the Philadelphia LCN Family provide ample justification for protection of the jury.  So too, a history of attempting to interfere with judicial proceedings by the Philadelphia LCN Family supports the need for protective measures.  LIGAMBI's attempt to minimize his effort to obstruct justice by corruptly persuading a subpoenaed witness to withhold evidence from the grand jury, is facetious.  A criminal organization willing to interfere with the grand jury process is just as likely to interfere with a petit jury.  Accordingly, the Court need not "take a chance" on what might occur during trial.  See Thomas, 757 F.2d at 1364.

D.  Juror Questionnaire Consultant

The government has submitted a proposed Juror Questionnaire to be used during the jury selection process.  By Order dated June 28, 2012 (ECF No. 619), the Court has directed the parties to address the appointment of Cornerstone Legal Consultants to provide electronic duplication, collation, and distribution services for the jury questionnaires.

Cornerstone has been providing litigation support services for the defense team in this case, through funding provided by the CJA fund.  In light of Cornerstone's relationship with the defendants, the government believes it would be inappropriate for Cornerstone to provide services which would require direct contact with the jurors.  At a minimum, such contact may create an appearance issue in the public's mind.  Accordingly, the government requests that the Court appoint an independent service provider which has no connection to any party in the case.

E. LICATA's Motion to Exclude Prior Convictions

LICATA has filed a motion to exclude references at trial to his extensive criminal history, which includes two prior racketeering conspiracy convictions (ECF No. 688). The government has filed a response, indicating that it will only introduce evidence relating to LICATA's 1998 federal racketeering conspiracy conviction and guilty plea admissions. (ECF No. 730). LICATA objects to the admission of his prior convictions on the ground that this evidence is impermissible propensity evidence under Rule 404(b). LICATA further contends that the evidence is unfairly prejudicial under Rule 403.

Courts have consistently held that evidence of a prior conviction may be admitted pursuant to Rule 404(b) to establish the requisite element of intent of the current charges. See United States v. Givan, 320 F.3d 452, 460-61 (3d Cir. 2003) (prior drug conviction admissible under Rule 404(b) to prove defendant's knowledge and rebut innocent association defense); United States v. Gayekbar, 678 F.3d 629, 635 (8th Cir. 2012) (prior conviction admissible under Rule 404(b) to show defendant's knowing association with conspiracy); United States v. Vasquez, 635 F.3d 889, 894 (7th Cir. 2011); United States v. Howell, 231 F.3d 615, 628 (9th Cir. 2000) (prior conviction admissible under Rule 404(b) to show defendant's knowledge); United States v. Martinez, 182 F.3d 1107, 1110-11 (9th Cir. 1999).

Here, the government will introduce evidence of LICATA's 1998 conviction and guilty plea admissions to participating in a racketeering conspiracy involving the Philadelphia LCN Family enterprise, to establish that LICATA knowingly joined the racketeering conspiracy charged in Count One. Evidence relating to LICATA's prior conviction supports the logical chain of inferences that LICATA intentionally joined the conspiracy with full knowledge of its

illegal objectives. Based upon his prior racketeering conviction and guilty plea admissions, LICATA knew what the Philadelphia LCN Family was and how it operated, who its members were, and its criminal purposes. Nothing in this chain of inferences suggests that LICATA has a propensity to commit the charged offense because of his character.

To have relevant evidence excluded under Rule 403, LICATA must demonstrate that the probative value of the evidence is *substantially* outweighed by the risk of unfair prejudice. With appropriate limiting instructions, the government's evidence will properly direct the jury to consider the evidence for the purpose it is offered: proof of LICATA's knowing participation in the conspiracy. As such, the jury will not base its decision on an improper basis, such as the inference of "once a racketeer, always a racketeer." Under the authorities cited above, any prejudice arising from the admission of the government's evidence will not be unfair. See, e.g., Gayekbar, 678 F.3d at 635. Moreover, any risk of unfair prejudice can be eliminated by a limiting instruction, advising the jury of the purposes for which the evidence may be considered. See Givan, 320 F.3d at 461-62.

G. Other Motions

   1. The Government's Motion for Reconsideration

By Order dated April 17, 2012 (ECF No. 406), the Court amended the Second Scheduling Order in this case by directing that the defendants need only produce to the government transcripts of recordings which the defendants intend to use in their case-in-chief. The government filed a motion for reconsideration (ECF No. 585), requesting that the defendants be required to produce copies of transcripts of recordings which the defense intends to use on cross-examination in advance of trial, so that the government would have the opportunity to

verify the accuracy and completeness of the transcripts, thereby minimizing the risk of trial delay and juror confusion. By Order dated June 28, 2012 (ECF No. 621), the Court denied the motion for reconsideration, but directed the parties to address at the motions hearing a defense proposal to produce transcripts to be used in cross-examination to an AUSA not assigned to the trial team, 24 hours in advance of their use at trial.

2. LIGAMBI's Motion to Dismiss Count 39

LIGAMBI has filed a motion to dismiss Count 39 on the ground that the indictment fails to allege a violation of 18 U.S.C. § 892(a). (ECF No. 645). Specifically, LIGAMBI contends Count 39 fails to aver an actual advance of money, as required to prove an extension of credit under § 892(a). LIGAMBI also contends the government's evidence is insufficient to establish an implied threat, because neither LIGAMBI nor STAINO will testify regarding their intent to communicate a threat to the debtor.

The government filed a response to the motion (ECF No. 710). In its response, the government shows that Count 39 properly avers an extension of credit, as defined under 18 U.S.C. § 891(1). See United States v. DiPasquale, 740 F.2d 1282, 1287-88 (3d Cir. 1984). A challenge to the sufficiency of the government's evidence may not be raised in a motion to dismiss. See United States v. Ligambi, 2012 WL 2362636, slip op., at 2 (E.D. Pa. June 21, 2012).

3. STAINO's Motion to Limit the Government's Expert Testimony

STAINO has filed a motion to limit the government's expert testimony (ECF No. 714), and the government has filed a response (ECF No. 741).

STAINO objects to the government's proposed expert testimony on the ground that it is not relevant to charges in the case, and therefore is not helpful to the jury's determination of any fact or issue.³ STAINO claims that testimony from the government's experts Jack Garcia and Jeffrey Sallet will not be helpful to the jury, because these agents have no personal experience with the Philadelphia LCN Family, but rather, have worked exclusively with other LCN Families in New York or New England. STAINO misapprehends the "helpfulness" standard of Rule 702. Direct involvement in the specific matters of the case being tried is not a requirement of Rule 702. In any event, agents Garcia and Sallet will apply their knowledge and understanding of organized crime enterprises, based upon their extensive experience and training in the field, to assist the jury understand the trial evidence introduced in this case. As such, their testimony will be helpful to the jury in deciding the factual issues in this case.

---

³ STAINO does not challenge the qualifications of the government's experts. See Motion ¶ 16. The Third Circuit, as well as other Courts of Appeals, have recognized that opinion testimony regarding the structure, rules, methods of operation and other aspects of LCN organized crime families, is an appropriate subject for testimony by experts in the field. See United States v. Pungitore, 910 F.2d 1084, 1148-49 (3d Cir. 1990) (FBI agent permitted to testify regarding structure of the Philadelphia LCN Family, and interpret code words in intercepted conversations, in RICO case); United States v. Gibbs, 190 F.3d 188, 211 (3d Cir. 1989) (FBI agent who supervised wiretap permitted to explain code words and cryptic conversations used by interceptees); United States v. Vastola, 899 F.2d 211, 233 (3d Cir. 1990) (FBI agent permitted to explain meaning of loanshark terms in intercepted conversations in RICO case), vacated on other grounds, 497 U.S. 1001 (1990); United States v. Matera, 489 F.3d 115, 121 (2d Cir. 2007) (NYPD detective permitted to testify as expert in racketeering case to explain operation, structure, membership, and terminology of organized crime families); United States v. Locascio, 6 F.3d 924, 936-39 (2d Cir. 1993) (FBI agent properly testified at great length regarding nature, function, structure, rules, ranks, and roles of members of LCN crime families, and interpretation of recorded conversations).

4. BARRETTA's Motion re: Jencks Act Materials

BARRETTA has filed a motion in limine to exclude certain information in the government's Jencks Act materials (ECF No. 711). The government has filed a response (ECF No. 735).

As set forth in the government's response, BARRETTA erroneously assumes that the government will attempt to introduce evidence pertaining to information contained in FBI investigative reports and grand jury transcripts, without regard to the Federal Rules of Evidence. At trial, the government lay the proper foundation for the admission of testimony by cooperating witnesses and government agents, in accordance with the Federal Rules of Evidence, including the rules applicable to personal knowledge and hearsay.

5. MASSIMINO's Motion to Suppress Prison Mail

MASSIMINO has filed a motion to suppress copies of his prison mail on the ground that New Jersey prison officials intercepted the mail in violation of state prison regulations (ECF No. 576).

The government has filed a response to the motion (ECF No. 728), noting that the Supreme Court has held that prison official do not violate the Fourth Amendment by inspecting inmate mail pursuant to procedures designed to promote institutional discipline and security. See United States v. Stroud, 251 U.S. 15, 21-22 (1919); see also Stow v. Grimaldi, 993 F.2d 1002, 1004-05 (1st Cir. 1993); Smith v. Delo, 995 F.2d 827, 830 (8th Cir. 1993); United States v. Whalen, 940 F.2d 1027, 1034-35 (7th Cir. 1991); United States v. Kelton, 791 F.2d 101, 103 (8th Cir. 1986).

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

/s/ Frank A. Labor III
FRANK A. LABOR III
SUZANNE B. ERCOLE
Assistant United States Attorney

JOHN S. HAN
Trial Attorney
Organized Crime and Gang Section
U.S. Department of Justice

CERTIFICATE OF SERVICE

FRANK A. LABOR III, certifies that a copy of the United States' Brief for the August 9, 2012 Motions Hearing, was served on counsel for the defendants by ECF on August 8, 2012.

        /s/ Frank A. Labor III
        FRANK A. LABOR III
        Assistant United States Attorney